**CHRISTENSEN JAMES & MARTIN**
Daryl E. Martin, Esq. (6735)
Laura J. Wolff, Esq. (6869)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
Email: dem@cjmlv.com, ljw@cjmlv.com
*Attorneys for Glaziers Trusts*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| The Trustees of the Glazing Health and Welfare Fund, Southern Nevada Glaziers and Fabricators Pension Trust Fund; Painters, Glaziers and Floorcoverers Joint Apprenticeship and Journeyman Training Trust; Painters, Glaziers and Floorcoverers Safety Training Trust Fund; Painters and Glaziers Market Recovery Fund; Southern Nevada Painters and Decorators and Glaziers Labor-Management Cooperation Committee Trust; Painters and Allied Trades Labor-Management Cooperation Initiative; Glaziers Industry Promotion Fund; International Painters and Allied Trades Industry Pension Trust Fund; IUPAT District Council 16, Glaziers, Architectural Metal and Glassworkers' Local Union 2001; Local 2001 Political Action Fund; Political Action Together Fund, <br><br> Plaintiffs, <br> vs. <br><br> Raydeo Enterprises, Inc., a Georgia Corporation; Suretec Insurance Company, a Texas surety; Mortenson-Mccarthy Las Vegas Stadium, a Joint Venture, a general partnership; M A Mortenson Company, a Minnesota Corporation; McCarthy Building Companies, Inc., a Missouri Corporation; United States Fire Insurance Company, a Delaware Corporation; John Does I-XX, inclusive; and Roe Entities I-XX, inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT** |

The Plaintiffs, Trustees of the Glazing Health and Welfare Fund; Southern Nevada Glaziers and Fabricators Pension Trust Fund; Painters, Glaziers and Floorcoverers Joint Apprenticeship and Journeyman Training Trust; Painters, Glaziers and Floorcoverers Safety Training Trust Fund; Painters and Glaziers Market Recovery Fund; Southern Nevada Painters and Decorators and Glaziers Labor-Management Cooperation Committee Trust; Painters and Allied Trades Labor-Management Cooperation Initiative; Glaziers Industry Promotion Fund; International Painters and Allied Trades Industry Pension Trust Fund; IUPAT District Council 16, Glaziers, Architectural Metal and Glassworkers' Local Union 2001; Local 2001 Political Action Fund; Political Action Together Fund ("Plaintiffs" "Trusts" or "Trust Funds"), acting by and through their attorneys, Christensen James & Martin, Chtd., hereby complain, assert and allege as follows:

**JURISDICTION & VENUE**

1. This Court has jurisdiction of this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA (29 U.S.C. § 1132(a)(3)) to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

2. This Court has jurisdiction pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), wherein United States District Courts are granted original jurisdiction over suits for violation of contracts between an employer and labor organization in an industry affecting commerce (including the construction industry), without respect to the amount in controversy or the citizenship of the parties.

3. Jurisdiction over state law claims stated herein exists pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §

1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that this is the Judicial District in which the alleged breaches took place.

5. Venue is also proper in this Court pursuant to NRS 108.239(3)(b), in that this is a court of competent jurisdiction that is located within the county where the property upon which the work of improvement is located.

**PARTIES**

6. The Trust Funds are each express trusts created pursuant to written declarations of trust ("Trust Agreements"), consistent with § 302(c), of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. § 186(c)(5)], existing to provide benefits to participants in Southern Nevada. These trusts are "multi-employer plan[s]" within the meaning of Section 3(37)(A) of ERISA [29 U.S.C. § 1002(37)(A)] and "employee benefit plan[s]" or "plan[s]" within the meaning of Section 3(3) of ERISA [29 U.S.C., § 1002(3)]. The Trusts are subject to the regulations of ERISA pursuant to Section 4(a) of ERISA [29 U.S.C. § 1003(a)], and bring this action in accordance with Sections 502(d)(1), 502(a)(3) and 515 of ERISA, as amended [29 U.S.C. § 1001, *et seq.*]. At all times material herein, the Trusts have existed to provide employee benefits, such as health, welfare, and pension, to their beneficiaries and plan participants.

7. The Trustees of the Trust Funds are "named fiduciar[ies]," "plan administrator[s]" and "plan sponsor[s]" and each is an individual "fiduciary," within the meaning of 29 U.S.C. § §1102(a), 1002(16), & (21), with respect to collection of contributions due to the Trust Funds and related matters.

8. Raydeo Enterprises, Inc. ("Raydeo") is a Georgia corporation and a construction contractor operating in Nevada under Nevada State Contractor's License No. 0083811, C-14C Ornamental Metal.

9. SureTec Insurance Company ("SureTec") is a Texas surety that issued Contractors Licensing Bond No. 5253381 in the amount of $50,000.00 ("Raydeo Licensing Bond"), so that Raydeo may legally act as a contractor, including but not limited to entering contracts, in the State of Nevada.

10. M. A. Mortenson Company ("Mortenson") is a Minnesota corporation and construction contractor operating in Nevada under Nevada Contractor's License No. 0072732, covering AB General Engineering and General Building.

11. Federal Insurance Company ("Federal") is an Illinois corporation that issued Contractors Licensing Bond No. 8216-73-99 in the amount of $50,000.00 ("Mortenson Licensing Bond") so that Mortenson may hold a contractor's license in the State of Nevada.

12. McCarthy Building Companies ("McCarthy") is a Missouri corporation and construction contractor operating in Nevada under Nevada Contractor's License No. 0066125, AB General Engineering and General Building.

13. Federal also issued Contractors Licensing Bond No. 8184-24-79 in the amount of $50,000.00 ("McCarthy Licensing Bond") so that McCarthy may hold a contractor's license in the State of Nevada.

14. Mortenson-McCarthy Las Vegas Stadium, a Joint Venture ("Mortenson-McCarthy JV") is a Nevada general partnership formed and doing business in the State of Nevada between Mortenson and McCarthy for the purpose of constructing a stadium ("Allegiant Stadium" or "Raiders Stadium") in Clark County, Nevada pursuant to a development agreement with the Clark County Stadium Authority.

15. United States Fire Insurance Company ("USFIC") is a Delaware Company that caused to be recorded on May 8, 2020, in the Official Records of Clark County, Nevada as Instrument No. 202005080001245, a Lien Bond (Bond No. 602-111191-5) (the "Lien Bond"), in the penal sum of One Hundred Thirteen Thousand Two Hundred Thirty-Two and 90/100 Dollars ($113,232.90), with Raydeo as Principal thereon and in favor of the Trust Funds.

16. USFIC also recorded a Rider (Instrument No. 20200924-0002547) increasing the sum of the Lien Bond to One Hundred Thirty-Two Thousand Thirty-Five and 85/100 Dollars ($132,035.85), with Raydeo as Principal thereon and in favor of the Trust Funds.

17. The true names and capacities, whether partnership, individual, corporate, company, associate or otherwise of John Does I-XX, inclusive, and Roe Corporations I-XX,

inclusive, are unknown to the Plaintiffs at this time and said Defendants are therefore sued by fictitious names. The Plaintiffs reserve the right to amend the Complaint to insert additional charging allegations against Does and Roes, together with the true identities and capacities of Does and Roes, when the same have been ascertained.

## GENERAL ALLEGATIONS

18.  Raydeo entered into a Sub-Subcontract Agreement with Steel Partners effective February 7, 2019, which required Steel Partners' employees to perform glazing labor on the Raiders Stadium ("Project").

19.  The labor performed by Steel Partners' employees on the Project constitutes a work of improvement.

20.  The Project is being constructed pursuant to several Project Labor Agreements effective September 22, 2017 and May 5, 2018 (hereafter collectively, "PLA").

21.  All Contractors of whatever tier who have been awarded contracts for work on the Project accepted and agreed to be bound by the terms and conditions of the PLA.

22.  The PLA requires contractors performing work on the Project to make contributions to benefit trust funds in accordance with the master labor agreement of each union signatory to the PLA.

23.  On February 7, 2019, Steel Partners executed a Letter of Assent, which incorporated the PLA, agreeing to accept and be bound by each of the Trust Agreements for the Trust Funds and to pay all required contributions to the Trust Funds at the rate and in accordance with the Glazing Industry Master Labor Agreement between the Glazing Contractors' Association of Nevada and the IUPAT District Council 16, Glaziers, Architectural Metal and Glassworkers' Local Union 2001, dated March 18, 2015, as amended, and with the collective bargaining agreement between the Glazing Contractors' Association of Nevada and the Manufacturing and Production Workers of Glaziers, Architectural Metal and Glassworkers' IPUAT District Council

1  15[2], dated February 1, 2018, as amended (hereafter collectively "Glaziers Master Labor Agreements").

24. Mortenson-McCarthy JV is signatory to the PLA.

25. Mortenson is signatory to the PLA.

26. McCarthy is signatory to the PLA.

27. Raydeo agreed to be bound by the PLA.

28. Steel Partners agreed to be bound by the PLA.

29. Mortenson-McCarthy JV, Mortenson, McCarthy, Raydeo, and Steel Partners were required to make contributions to the Trust Funds for work performed on the Project pursuant to the terms of the PLA and the Glaziers Master Labor Agreements.

30. Employers subject to the PLA agree to be bound by the provisions of the Trust Agreements, including but not limited to such items as interest, costs, and legal fees.

31. Employers subject to the PLA have reporting and payment obligations to the Plaintiffs for covered work performed by their employees pursuant to the terms of the Glaziers Master Labor Agreements and the Trust Agreements.

32. Work performed by the employees of Mortenson-McCarthy JV, Mortenson, McCarthy, Raydeo, Steel Partners and/or their subcontractors is work covered by the PLA and the Glaziers Master Labor Agreements.

33. The Trust Funds are intended beneficiaries of the PLA and the Glaziers Master Labor Agreements.

34. At all times material herein, Mortenson-McCarthy JV, Mortenson, McCarthy, Raydeo, Steel Partners and/or their subcontractors were obligated to submit written reports to the Trust Funds on a timely basis showing the identities of all employees performing covered work, and the number of hours worked by or paid to these employees for covered work performed ("Contribution Reports").

---

[2] IUPAT District Council 15 has since merged with IUPAT District Council 16, and the resulting entity retained the latter's name.

35. Contribution Reports must be submitted to the Trust Funds even when there are zero hours to report.

36. Mortenson-McCarthy JV, Mortenson, McCarthy, Raydeo, Steel Partners and/or their subcontractors promised to pay fringe benefit contributions to the Trust Funds, on a monthly basis at specified rates, for each hour worked by, or paid to, employees for covered work.

37. Pursuant to the written terms of the Trust Agreements and *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.,* 472 U.S. 559 (1985), the Trust Funds undertake periodic reviews (audits) of contributing employers' payroll records to test each employer's compliance with the report and payment obligations described herein.

38. Mortenson-McCarthy JV, Mortenson, McCarthy, Raydeo, Steel Partners and/or their subcontractors are each individually required to submit written reports to the Trust Funds from the time each executed or assented to the PLA, through the present date.

39. The Trust Funds have made written demand for reports and payments to Mortenson-McCarthy JV, Mortenson, McCarthy, Raydeo, and Steel Partners.

40. Full payment has not been received by the Trust Funds.

41. Audits have not been allowed by the Defendants.

42. It has become necessary for the Trust Funds to retain legal counsel and initiate this lawsuit to protect their legal rights under the PLA, Trust Agreements, and ERISA.

43. Mortenson-McCarthy JV, Mortenson, McCarthy, Raydeo, Steel Partners and/or their subcontractors are each individually obligated to submit written reports, to submit to a compliance audit, and to pay the Trust Funds all unpaid fringe benefit contributions plus accrued interest, liquidated damages, attorney's fees, costs of suit, and audit costs, pursuant to the PLA, Trust Agreements, and 29 U.S.C. § 1132(g)(2).

44. As general partners of Mortenson-McCarthy JV, Mortenson and McCarthy are jointly and severally liable for the debts and claims asserted by the Trust Funds for work associated with the Project.

45. Mortenson-McCarthy JV is required to assure compliance with the PLA by the

## FIRST CAUSE OF ACTION
### [Breach of Contract & Violation of ERISA - 29 U.S.C. § 1132]
### [Mortenson-McCarthy JV, Mortenson, McCarthy, Raydeo]

46. Plaintiffs herein restate and reallege the above allegations.

47. Mortenson-McCarthy JV, Mortenson, McCarthy, Raydeo and/or their subcontractors are contractually delinquent for failing to remit reports for covered work performed by their employees and failing to pay contributions and/or other contract damages owed to the Trust Funds.

48. The Trust Funds are entitled to receive monthly remittance reports from each identified contractor and all fringe benefit contributions, interest, and liquidated damages owed to the Trust Funds pursuant to the PLA, Trust Agreements and 29 U.S.C. § 1132(g)(2).

49. A known delinquency of $88,023.90 ("Identified Delinquency") for work performed on the Project is owed to the Trust Funds by the identified contractors and their subcontractors, which includes unpaid contributions for the October 2019 through February 2020 work months, accrued interest (which continues to accrue), liquidated damages (which continue to accrue), attorneys' fees and costs (which continue to accrue), and audit costs.

50. Mortenson-McCarthy JV, Mortenson, McCarthy, Raydeo and/or their subcontractors' actions have required the Trust Funds to retain legal counsel to enforce their rights under the PLA, Trust Agreements and ERISA.

## SECOND CAUSE OF ACTION
### [Injunctive Relief]
### [Mortenson-McCarthy JV, Mortenson, McCarthy, Raydeo]

51. Plaintiffs herein restate and reallege the above allegations.

52. Pursuant to ERISA, the Trust Agreements, and *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.,* 472 U.S. 559 (1985), the Trust Funds are entitled to compliance audits and to recover a sum equal to any and all unpaid fringe benefit contributions

discovered in the audit, plus accruing interest, liquidated damages, attorney's fees, costs of suit, and audit costs.

53. The material breaches and violations of ERISA harm the Trust Funds and risk the ability of the Trust Funds to provide required employee benefits to their beneficiaries.

54. The Trust Funds' remedies at law are not sufficient to adequately compensate the Trust Funds or their beneficiaries from past harm caused by said violations, or to protect them from the harm or threat of harm caused by future violations.

55. The Trust Funds are likely to prevail on the merits of their claims for breach of contract and violations of ERISA.

56. The Trust Funds are entitled to injunctive relief affirmatively compelling Mortenson-McCarthy JV, Mortenson, McCarthy, and Raydeo to: i) submit all past due monthly remittance reports; ii) submit monthly remittance reports going forward during the effective term of the PLA; iii) submit to a compliance audit; iv) pay all past due contributions and related damages to the Trust Funds; and v) pay all contribution amounts on a timely basis going forward.

## THIRD CAUSE OF ACTION
**[Claim on Licensing Bonds]**
**[Federal, SureTec]**

57. Plaintiffs herein restate and reallege the above allegations.

58. The Mortenson Licensing Bond, McCarthy Licensing Bond, and Raydeo Licensing Bond (hereafter collectively "Licensing Bonds") are issued pursuant to NRS 624.270.

59. The Licensing Bonds are in favor of the State of Nevada for the benefit of any person who performed labor on or about the Project.

60. Contributions to the Trust Funds constitute wages for which the Licensing Bonds are liable.

61. The Trust Funds, as labor claimants, are entitled to priority in payment from the Licensing Bonds, pursuant to NRS 624.273(6), for delinquent contributions owed for work on the Project.

## FOURTH CAUSE OF ACTION
### [Original Contractor Liability]
### [Mortenson-McCarthy JV, Mortenson, McCarthy, Raydeo]

62. Plaintiffs herein restate and reallege the above allegations.

63. Mortenson-McCarthy JV acted as an original contractor for work on the Project.

64. Mortenson acted as an original contractor for work on the Project.

65. McCarthy acted as an original contractor for work on the Project.

66. Raydeo acted an original contractor for work on the Project.

67. Each original contractor is subject to liability pursuant to NRS 608.150 for the labor debts of its subcontractor(s) for work on the Project.

68. Steel Partners acted as a subcontractor to each original contractor (Mortenson-McCarthy JV, Mortenson, McCarthy, and Raydeo) when performing work on the Project.

69. Each original contractor that had Steel Partners in its line of subcontractors is liable to the Trust Funds for the amounts owed to the Trust Funds by Steel Partners for work performed on the Project.

70. Each original contractor is liable to the Trust Funds for PLA-covered work that was performed by its subcontractor(s).

71. The Trust Funds provided written notice of their claim(s) for work on the Project to each original contractor and Steel Partners.

72. Each original contractor failed to pay the claims.

73. Steel Partners failed to pay the claims.

74. The Trust Funds are entitled to interest on their claim(s).

75. The Trust Funds are entitled to reasonable attorney fees.

## FIFTH CAUSE OF ACTION
### [Foreclosure of Notice of Lien Against Lien Release Bond]
### [Raydeo and USFIC]

76. Plaintiffs herein restate and reallege the above allegations.

77. On or about May 1, 2020, the Trust Funds timely recorded a Notice of Lien on the

1  Project in the Official Records of Clark County, Nevada, as Instrument Number 20200501-
2  0000013 (the "Lien") in the estimated amount of $75,488.60, plus accruing interest and attorney
3  fees.

4      78.    On or about August 11, 2020, the Trust Funds timely recorded an Amended Notice
5  of Lien on the Project in the Official Records of Clark County, Nevada, as Instrument No.
6  20200811-0001908 (the "Amended Lien") in the estimated amount of $88,023.90, plus accruing
7  interest and attorney fees.

8      79.    The Lien and Amended Lien were in writing, were recorded against the Project,
9  and were for labor performed for a work of improvement.

10      80.    USFIC caused to be recorded on May 8, 2020, in the Official Records of Clark
11  County, Nevada as Instrument No. 202005080001245, a Lien Bond (Bond No. 602-111191-5)
12  (the "Lien Bond"), in the amount of One Hundred Thirteen Thousand Two Hundred Thirty-Two
13  and 90/100 Dollars ($113,232.90), with Raydeo as Principal thereon and in favor of the Trust
14  Funds.

15      81.    In that Lien Bond, Raydeo (Principal) and USFIC (Surety) have obligated
16  themselves to the Trust Funds in the sum of $113,232.90, from which they will pay the Trust
17  Funds that amount as the Court may adjudge to have been secured by the Lien.

18      82.    On September 24, 2020, Raydeo and USFIC caused to be recorded in the Official
19  Records of Clark County, Nevada as Instrument No. 20200924-0002547, a Rider to the Lien
20  Bond increasing the amount of the Lien Bond to the amount of One Hundred Thirty-Two
21  Thousand Thirty-Five and 85/100 Dollars ($132,035.85), with Raydeo as Principal thereon and in
22  favor of the Trust Funds ("Rider"). The Trust Funds assert their claim on the Lien Bond and the
23  Rider, as permitted by N.R.S. 108.2421(2).

24      83.    To the Trust Funds' knowledge, they have complied with all statutory
25  requirements for filing, perfecting and foreclosing upon a lien. Any errors are inadvertent,
26  unintentional and do not prohibit a finding of substantial compliance allowing for lien
27  foreclosure.

1  84. It has been necessary for the Trust Funds to retain the services of Christensen James & Martin to prosecute and defend this action, so they are entitled to recover attorney fees, court costs, and expenses incurred herein pursuant to N.R.S. 108.237.

**PRAYER FOR RELIEF**

WHEREFORE, the Trust Funds pray for Judgment against Defendants, and each of them, as follows:

1. For the Court's Order: (i) enjoining Mortenson-McCarthy JV, Mortenson, McCarthy, and Raydeo from failing to submit written reports to the Trust Funds showing employees performing covered work and the hours worked by these employees; (ii) enjoining Mortenson-McCarthy JV, Mortenson, McCarthy, and Raydeo from failing to pay fringe benefit contributions to the Trust Funds on a monthly basis, when they become due, at the specified rates for each hour employees perform covered work; and (iii) compelling Mortenson-McCarthy JV, Mortenson, McCarthy, and Raydeo to submit records to the Trust Funds for payroll compliance audits;

2. For the Court's order compelling submission to the Trust Funds of previously un-submitted monthly remittance reports;

3. For judgment against Mortenson-McCarthy JV, Mortenson, McCarthy, and Raydeo for unpaid fringe benefit contributions owed to the Trust Funds in an amount to be proven at trial;

4. For judgment against Mortenson-McCarthy JV, Mortenson, McCarthy, and Raydeo for liquidated damages in an amount to be proven at trial;

5. For judgment against Mortenson-McCarthy JV, Mortenson, McCarthy, and Raydeo accrued interest on all unpaid contributions from their due date until paid;

6. For judgment against Mortenson-McCarthy JV, Mortenson, McCarthy, and Raydeo for audit costs in an amount to be proven at trial;

7. For judgment against Mortenson-McCarthy JV, Mortenson, McCarthy, and Raydeo for reasonable attorney's fees;

8. For judgment against Mortenson-McCarthy JV, Mortenson, McCarthy, and Raydeo for costs of suit incurred herein;

9. For judgment against the Licensing Bonds for the full sum of each of the licensing bonds;

10. For judgment against the Lien Bond and the Rider for the full sum;

11. For such additional relief as may be provided for by 29 U.S.C. § 1132(g);

12. For such additional relief as this Court deems just and proper.

DATED this 25th day of September 2020.

CHRISTENSEN JAMES & MARTIN, CHTD.

By: */s/ Daryl E. Martin*
Daryl E. Martin, Esq. (6735)
Laura J. Wolff, Esq. (6869)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 255-1718
Fax: (702) 255-0871
Email: dem@cjmlv.com; ljw@cjmlv.com
*Attorneys for Plaintiffs*